IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Terrell Herbert, | Case No.: 4:22-1746-JD |
| Plaintiff, | |
| vs. | **ORDER** |
| D.S.S.; Tiffany Brooke Allen; Rosa Agnes; and Shauntegia Rivers; | |
| Defendants. | |

This matter is before the Court with a Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 96.) Plaintiff Terrell Herbert ("Herbert" or "Plaintiff"), proceeding *pro se*, filed this action against Defendants D.S.S., identified by Defendants as South Carolina Department of Social Services ("SCDSS"); Tiffany Brooke Allen; Rosa Agnes, identified by Defendants as Agnes Rosa ("Rosa"); and Shauntegia Rivers (collectively "Defendants"). Plaintiff's complaint stems from a report from a school resource officer ("SRO") at Plaintiff's then-eight-year-old son ("T.H.")'s school where the SRO reported to SCDSS that Plaintiff had "punched the child in the chest and pushed him on the school grounds before the beginning of school that day." (DE 69-3.) Plaintiff alleges he was falsely charged with

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

1

abusing T.H., T.H. was placed in foster care for "no reason," and his son was abused in foster care and moved to care in Pennsylvania against Plaintiff's will. (DE 1, 1-1.)

Defendants filed a Motion for Summary Judgment seeking judgment as a matter of law as to all claims (DE 69). Because Plaintiff is proceeding pro se, the Court issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the dismissal procedures and the possible consequences if he failed to respond adequately to Defendants' motion (DE 70). Plaintiff filed a Response (DE 73, 78), to which Defendants filed a Reply (DE 76).

The Report was issued on December 20, 2023, recommending summary judgment for Defendants, and dismissing the case. (DE 96.) No objections to the Report were filed. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Therefore, the Court adopts the Report (DE 96) and incorporates it here by reference.

It is, therefore, **ORDERED** that Defendants' Motion for Summary Judgment (DE 69) is granted and Plaintiff's case is dismissed.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
January 18, 2024

2

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from this date, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.